UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA

-vs-

JUAN DEJESUS-SANTIAGO,

Defendant.

―――――――――――――――――――――――――――――

DECISION AND ORDER

08-CR-6210 (CJS)

## INTRODUCTION

Now before the Court is a motion by Juan DeJesus-Santiago ("Defendant"),

proceeding *pro se*, for a "compassionate release" sentence reduction, ECF No. 1385.

Because Defendant is a *pro se* litigant, the Court has read his papers liberally, and

interpreted them to raise the strongest arguments that they suggest. *Burgos v. Hopkins*,

14 F.3d 787, 790 (2d Cir. 1994).    Nevertheless, for the reasons set forth below,

Defendant's motion is denied.

## BACKGROUND

The reader is presumed to be familiar with the factual and procedural background

of this case.    Briefly, in a prior Order, the Court described the facts leading up to

sentencing as follows:

> Defendant plead[ed] guilty pursuant to a plea agreement to Counts 1 and
> 19 of an indictment in case 08-CR-6210 charting him with a violation of 21
> U.S.C. § 846 (conspiracy to possess with intent to distribute, and to
> distribute, five kilograms or more of cocaine and one kilogram or more of
> heroin), and a violation of 18 U.S.C. § 1956(h) (conspiracy to commit money
> laundering). In addition, he plead guilty to Count 6 of a separate indictment
> in case 1:10-CR-233 charging him with violating 18 U.S.C. § 924(c)(1)(A)(iii)
> (discharging, using, and carrying a firearm during and in relation to a crime
> of violence). Judgment at 1, Mar. 12, 2015, ECF No. 1163 (in case 08-CR-

6210). The Court sentenced Defendant to 180 months' confinement on Count 1, 180 months' confinement on Count 19 on case 08-CR-6210, to run concurrently with each other, and to 180 months' confinement on Count 6 of case 1:10-CR- 233, to be served consecutively with the sentence on case 08-CR-6210, for a total
incarceration of 360 months.

Pursuant to the terms of the plea agreement, Defendant waived his right to appeal and to collaterally attack his sentence if he received a combined sentence of imprisonment of no more than 390 to 442 months. Plea Agreement ¶ 17–18, 30–32, attached as Ex. 1 to Gov't's Response to Mot. Pursuant to Title 28 U.S.C. § 2255, Dec. 17, 2018, ECF No. 1333. Because of the sentence imposed by the Court, the waiver [was] effective.

ECF No. 1341 (Order denying Section 2255 Motion).   Despite having waived his right to appeal or collaterally attack his sentence or conviction, Defendant nevertheless filed a *pro se* appeal, which the United States Court of Appeals for the Second Circuit denied, and a Section 2255 collateral attack, which this Court denied.

Defendant has been in custody on these charges since October 15, 2008. According to the website for the Federal Bureau of Prisons ("BOP"), Defendant is currently forty-three years of age, and has approximately nine years remaining on his sentence.   More specifically, BOP indicates that Defendant's release date will be June 13, 2034.

On March 4, 2024, Defendant filed the subject application for a "compassionate release" sentence reduction, pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 1385). The application indicates that on July 17, 2023, Defendant filed a request for compassionate release to the Warden of the facility where he was housed, Yazoo City Medium U.S.P., but that the Warden failed to respond.

Defendant further contends that there are several extraordinary and compelling

reasons for the Court to reduce his sentence, involving changes to the law that occurred subsequent to his sentencing.   First, he maintains that if he were sentenced today for the same crimes, his sentence would be "dramatically less/lower," since he had a criminal history score of zero, and since under U.S. Sentencing Guideline § 4C1.1, which took effect on November 1, 2023, there is a 2-level reduction of the offense level for "certain zero-point offenders":

> The Sentencing Commission amended U.S.S.G. § 4C1.1 – Adjustment for Certain Zero-Point Offender that those who "meet . . . the criteria" receive an adjustment by decreasing the offense level determined under Chapters two and Three of § 4C1.1.   This new adjustment goes into effect on November 1, 2023 and because Santiago has no prior history and is a Criminal History Category I with zero points his base offense level can no be decreased two levels[.]

ECF No. 1385 at p. 8.

Further, Defendant argues that if he were sentenced today, he could receive "safety valve relief" under Section 402 of the First Step Act of 2018, which amended 18 U.S.C. § 3553(f).   Defendant argues that this change of law is an extraordinary and compelling reason to reduce his sentence, since it would allow him to receive a sentence below the statutory 120-month mandatory minimum applicable to Count 1 of the Indictment in case 08-CR-6210. *See*, ECF No. 1385 at p. 9 ("A safety valve in this case is an extraordinary and compelling reason to grant Santiago a sentence reduction under Section 402 of the FSA of 2018[.]").

Additionally, Defendant maintains that the Section 3553(a) factors "now favor" a sentence reduction for him, for the following reasons: 1) his conduct does not "stand out" from other cases in which offenders have received lesser sentences; 2) his "criminal

history places him within the landscape of 'typical' defendants whose sentences have

nevertheless been reduced pursuant to the First Step Act"; 3) the "need for deterrence"

will not be served by his continued confinement in prison, since he has shown

"extraordinary post-conviction rehabilitation," as shown by a good institutional record and

completion of various prison programs; 4) he has remained in contact with his family while

incarcerated; 5) he is older now than when he was sentenced, and less likely to recidivate;

6) his sentence is unduly harsh, exceeds what is sufficient but not greater than necessary

to meet the goals of sentencing, and has already served to reflect the seriousness of his

offense, promote respect for the law, and provide a just punishment; 7) the prison

conditions at Yazoo City Medium U.S.P. are harsh, due to staffing shortages and

lockdowns and quarantine conditions left over from the Covid-19 pandemic, which makes

his sentence "overly punitive'"; and 8) his sentence was unconstitutional insofar as the

calculation under the Sentencing Guidelines considered relevant conduct when

determining his base offense level.

## DISCUSSION

The legal principles applicable to a motion for a "compassionate release" sentence

reduction under 18 U.S.C. § 3582(c)(1)(A) are clear:

> As part of the First Step Act of 2018, Congress authorized courts to consider
> an inmate's motion for a discretionary sentence modification for
> "extraordinary and compelling reasons," often colloquially called a motion
> for compassionate release. *See* Pub. L. No. 115-391, § 603(b), 132 Stat.
> 5194, 5239 (amending 18 U.S.C. § 3582(c)(1)(A)).

*U.S. v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021).

> [T]he First Step Act freed district courts to consider the full slate of
> extraordinary and compelling reasons that an imprisoned person might

bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of [U.S. Sentencing] Guideline § 1B1.13, limits the district court's discretion.

*United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020) ("The only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation alone shall not be considered an extraordinary and compelling reason.").

A sentence reduction under § 3582(c)(1)(A) should be based upon a significant change of circumstances since the time of sentencing consisting of more than just the defendant's rehabilitation while in prison. *See, United States v. Luke*, No. 14-CR-06089-FPG, 2024 WL 1693275, at *2 (W.D.N.Y. Apr. 19, 2024) ("Because the § 3553 factors are considered at sentencing, courts should not 'second guess or [ ] reconsider whether the original sentence was just,' but assess whether 'the defendant's circumstances are so changed ... that it would be inequitable to continue the confinement[.]' *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (discussing legislative history of provision)."); *see also*, *United States v. Roney*, 20-1834, 833 F. App'x 850, 854 (2d Cir. Nov. 2, 2020) (Indicating that a motion for compassionate release "is not an opportunity to second guess or to reconsider the sentencing court's original decision.") (citation and quotations omitted).

Furthermore, "[e]ven if 'extraordinary and compelling' circumstances exist, a district court may not reduce a defendant's sentence before considering 'the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Cummings*, No. 20-3156-CR, 2021 WL 4142844, at *1 (2d Cir. Sept. 13, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).   Indeed, a district court may properly deny a compassionate release motion based solely on the Section 3553(a) factors, without first determining

whether the defendant has shown extraordinary and compelling reasons for a sentence reduction. *See, United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) ("[W]e today make clear that when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

Additionally, a Defendant must exhaust his remedies before applying for a sentence reduction under § 3582(c)(1)(A). *See*, 18 U.S.C. § 3582(c)(1)(A) ("The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, *upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment[.]") (Italics added) (Westlaw 2025).

The Defendant bears the burden of demonstrating that he is entitled to a sentence reduction:

> Relief is appropriate pursuant to § 3582(c)(1)(A) when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term; and (4) the reduction is consistent with the policy statement set forth at U.S.S.G. § 1B1.13. If any "one of those conditions is lacking, [the district court] need not address the remaining ones." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). "The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute." *United States v. Roney*, No. 10-CR-130S,

2020 WL 2846946, at *2 (W.D.N.Y. June 2, 2020), *aff'd*, 833 F. App'x 850 (2d Cir. 2020); *see also United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024) ("The burden of showing that the circumstances warrant a sentence reduction is on the defendant.").

*United States v. Brown*, 767 F. Supp. 3d 6, 8–9 (W.D.N.Y. 2025) (footnote omitted).

Turning to the merits of the subject application, the Court finds, first, that Defendant has not shown that he exhausted his remedies as required by § 3582(c)(1)(A) as to the primary claims in his motion to this Court.   In that regard, Defendant has shown that he partially complied with the exhaustion requirement, by making a request to the warden at his prison facility, and then waiting for at least thirty days, without a response from the warden, before filing the instant motion. See, ECF No. 1385 ("Warden failed to respond."); *see also, United States v. Oladokun*, No. 20 CR. 3-1 (KPF), 2025 WL 2624277, at *5 (S.D.N.Y. Sept. 10, 2025) ("A defendant may move under § 3582(c)(1)(A)(i) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."") (quoting 18 U.S.C. § 3582(c)(1)(A)).

However, the grounds in the compassionate release request that Defendant submitted to the warden of his facility are not the same grounds contained in the compassionate release motion now before the Court.   Specifically, the request submitted to the warden stated, in its entirety:

Pursuant to the First Step Act of 2018 and in conjunction with 18 U.S.C. § 3582(c)(1)(A), I am requesting for Compassionate Release.  I consider myself a key candidate for Compassionate Release due to my unconstitutional and harsh sentence, my post sentencing rehabilitation efforts, my conduct in prison and family support.   With respect to the First

Step Act should you deny my request and/or fail to respond in 30 days this will serve as my administrative remedy process exhaustion.  Thank you, Santiago de Jesus.

ECF No. 1385 at p. 18.   In sum, Defendant asked the warden to reduce his sentence based on the alleged unconstitutionality of his underlying conviction, which is not a proper basis to grant compassionate release[1]  and on his alleged post-sentencing rehabilitation, which, by itself, is also not a proper basis on which to grant relief.

Meanwhile, the motion before this Court is based primarily on changes to the sentencing laws since Defendant's sentencing, which are not mentioned in the application to the warden.   Therefore, Defendant's request to the warden did not exhaust the claim now before the Court. *See, United States v. Johnson*, No. 10 CR 431 (CM), 2024 WL 3356987, at *2 (S.D.N.Y. July 10, 2024) ("In order to meet the exhaustion requirement, the defendant "is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). This approach is consistent with the purpose of the exhaustion requirement because that requirement "is designed to allow the Bureau to bring 'a motion on the defendant's behalf,' before he moves on his own behalf." *Id*. (quoting 28 U.S.C. § 3582(c)(1)(A)). "And the Bureau cannot determine whether it should bring a compassionate-release motion if an inmate does not explain in his request the

---

1 Insofar as Defendant's request to the warden was based on challenges to the legality of his underlying conviction, it failed to demonstrate extraordinary or compelling circumstances for a sentence reduction under § 3582(c)(1)(A). *See, United States v. Fernandez*, 104 F.4th 420, 430 (2d Cir. 2024) ("[W]e conclude that since challenges to the validity of a conviction must be made under section 2255, they cannot qualify as "extraordinary and compelling reasons" under section 3582(c)(1)(A).   Compassionate release is not a channel to habeas relief or an end run around the limitations of section 2255."), cert. granted in part, 145 S. Ct. 2731 (2025).

ground justifying his release." *Id.*"); *see also, United States v. Hoti*, No. 15-CR-651 (LTS), 2021 WL 2581670, at \*4 (S.D.N.Y. June 23, 2021) ("Mr. Hoti has submitted no evidence of having presented these issues in connection with his application for compassionate release to the warden of his facility. These issues are therefore unexhausted for purposes of section 3582(c)(1)(A)."); *United States v. Collado*, No. 14-CR-731-LTS, 2021 WL 2555838, at \*3 (S.D.N.Y. June 21, 2021) ("[C]ourts have generally required an inmate to present to the warden of his or her facility the "the same or similar ground for compassionate release" he or she plans to raise in a motion to the court, in order to properly exhaust that ground.") (collecting cases).  The application is denied, due to Defendant's failure to exhaust.

Furthermore, even assuming *arguendo* that Defendant had properly exhausted his claims, his arguments concerning subsequent changes to the sentencing laws fail on the merits, and, therefore, do not amount to extraordinary and compelling reasons.  In particular, Defendant has not shown that that if he were sentenced today, he would be entitled relief under either U.S. Sentencing Guideline § 4C1.1, concerning "certain zero-point offenders," or under Section 402 of the First Step Act of 2018, which amended 18 U.S.C. § 3553(f), since neither type of relief is available to persons who, like Defendant, were organizers, leaders, managers, or supervisors of others in the offense, as determined under the sentencing guidelines. *See*, USSG § 4C1.1(a)(10) (stating that to receive the 2-level decrease for zero-point offenders, the defendant must not have "receive[d] an adjustment under § 3B1.1 (Aggravating Role)"; *see also*, 18 U.S.C. § 3553(f)(4) (stating that to be eligible for relief, the defendant must not have been "an organizer, leader, manager, or supervisor of others in the offense, as determined under

the sentencing guidelines").

In that regard, Defendant agreed, as part of his Plea Agreement, that he should receive a 3-level upward adjustment under USSG § 3B1.1(b) for being a manager or supervisor of the drug conspiracy, with regard to Count 1 of the Indictment in 08-CR-6210. *See*, Plea Agreement at p. 10.   Consequently, Defendant would not be entitled to either type of relief, contrary to what he claims. *See, United States v. Jones*, 136 F.4th 272, 277 (5th Cir. 2025) ("As Jones received an aggravating role enhancement under § 3B1.1(b) as a manager or supervisor, he was and remains ineligible for an offense level reduction under § 4C1.1(a)."), *cert. denied*, No. 25-5312, 2025 WL 2824401 (U.S. Oct. 6, 2025); *see also, United States v. Gonzalez-Loera*, 135 F.4th 856, 861 (9th Cir. 2025) ("Because Gonzalez-Loera received an adjustment under § 3B1.1, he is ineligible for relief under § 4C1.1."); *United States v. Barnes*, 141 F.4th 882, 884 (7th Cir. 2025) ("At sentencing, the district court applied a two-level enhancement under section 3B1.1(c) of the Sentencing Guidelines for Barnes' role as a manager or supervisor of the scheme. Because of the role enhancement, Barnes became ineligible for the so-called "safety-valve" provision in 18 U.S.C. § 3553(f), which offers a path for some non-violent drug offenders with minimal criminal histories to avoid mandatory minimum sentences."); *United States v. Gonzalez-Loera*, 135 F.4th 856, 860 (9th Cir. 2025) ("We have held that a defendant's status as a leader or organizer under § 3B1.1 by itself disqualifies him for safety-valve relief under § 3553(f)(4)."); *Flecha-Mendoza v. United States*, No. 03-CR-6044 CJS, 2013 WL 12394546, at *1 (W.D.N.Y. Oct. 3, 2013) ("Even though Petitioner was a criminal history category I, he was not eligible for the safety valve because, *inter alia*, he admittedly was an organizer, leader, manager or supervisor of the conspiracy.

See, 18 U.S.C. § 3553(f)(4).").

Nor does the Court find that Defendant's motion otherwise states extraordinary and compelling reasons to reduce his sentence.

Furthermore, the Court does not agree with Defendant that the § 3553(a) factors support a modification of his prison term.  In that regard, the Court, in addition to reviewing the presentence investigation report, has considered the relevant factors, including that Defendant is now forty-three years of age; that he had no criminal record prior to the subject convictions; that he has been in custody since October 15, 2008 (approximately 17 years); the he apparently has a good institutional record, and has completed various prison programs; and that he has almost nine years remaining on his sentence.  Having thus re-acquainted itself with the facts and circumstances of the crimes and with Defendant's personal characteristics, the Court finds that the time Defendant has already served is lengthy, but not unduly so, considering the seriousness of his crimes.

In that regard, Defendant received an aggregate sentence of 360 months (30 years), below the advisory sentencing guideline range of 390 months (32.5 years) to 442 months (36.8 years).  Of that, the advisory guideline range for Counts 1 and 19 of the indictment in 6:08-CR-6210, relating to a narcotics conspiracy and money laundering conspiracy, respectively, was 210 months (17.5 years) to 262 months (21.8 years). Defendant was a leader or organizer of these conspiracies, which were large-scale, both in terms of number of participants and quantities of drugs involved, and violent,[2] and

---

2  For example, Defendant assisted a co-conspirator in locating an individual, whom they believed had robbed a third co-conspirator, and was present when the co-conspirator shot the individual several times, paralyzing him. PSR at p. 16, ¶ 35.

involved trafficking in cocaine and heroin shipped into the Western District from Puerto Rico.[3]    Additionally, regarding the consecutive sentence for Defendant's conviction on Count 6 of the Indictment in 1:10-CR-0233, Defendant agreed, in the Plea Agreement, that a sixty-month upward departure from the 10-year minimum sentence, to an 180 month (fifteen-year) sentence, to be served consecutively to any other sentence, was appropriate.    Defendant's conviction on this count involved his active participation in the contract killing of a suspected informant.    Defendant's involvement included conveying the hit "contract" to the shooters, re-instructing the shooters to finish the contract after their initial attempt to find the victim was unsuccessful, loaning the shooters his gun and automobile for use in carrying out the murder, and receiving from the shooters a portion of the amount paid for the murder.

Having thus considered and weighed the § 3553(a) factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the Court finds that a reduction of Defendant's sentence, after he has served approximately 56% thereof, would undermine the purposes of sentencing, and, in particular, the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and that the original sentence imposed continues to be sufficient, but not greater than necessary, to achieve the purposes of sentencing.

---

3 *See*, PSR at p. 22 ("[T]his drug conspiracy involved over 29 people and the defendant was directly involved in order others to do work for him.    As such, there is a 3-level increase § 3B1.1(b).").

CONCLUSION

Accordingly, it is hereby ORDERED that Defendant's application for compassionate release (ECF No. 1385) is denied.  Defendant's related motion "for a prompt disposition" (ECF No. 1389) is also denied, as moot.  Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, because Defendant has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:      November 10, 2025
            Rochester, New York

HON. CHARLES J. SIRAGUSA
United States District Judge